IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KEVIN M. LARGE,                              )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )
                                             )
CONSUMER RECOVERY                            )
ASSOCIATES, LLC,                             )
                                             )
            Defendant.                       )

## COMPLAINT

### INTRODUCTION

1. Plaintiff Kevin Large brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Consumer Recovery Associates, LLC ("CRA"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District; and

   b. Defendant transacts business within this District.

### PARTIES

5. Plaintiff Kevin M. Large resides in Kalamazoo, Michigan.

6.    Defendant CRA is a limited liability company with offices at 2697 International Parkway, Suite 4-270, Virginia Beach, VA 23452, and at 135 Interstate Boulevard, Suite 8, Greenville, SC 29615.

7.    CRA operates a collection agency, using the mails and telephone system to collect alleged consumer debts originally owed (if at all) to others.

8.    CRA is a debt collector as defined in the FDCPA.

## FACTS

9.    Defendant CRA has been attempting to collect from plaintiff an alleged payday loan debt or debts incurred for personal, family or household purposes and not for business purposes.

10.    On or about February 4, 2011, plaintiff received a telephone call from representatives of defendant CRA in which they:

    a.    threatened him with bad check laws for not repaying the loans; and

    b.    failed to provide him with the notices required by 15 U.S.C. §1692e(11).

11.    Plaintiff was harassed and annoyed by defendant's call.

12.    The February 4, 2011 phone call was the initial communication defendant had with plaintiff.

13.    As of February 21, 2011, plaintiff had not received any written communication from defendant.

## COUNT I – FDCPA

14.    Plaintiff incorporates paragraphs 1-13.

15.    Defendant's telephone call violated 15 U.S.C. §1692e(11) because it did not contain the warning required by 15 U.S.C. §1692e(11).

16.    Defendant's telephone call violated 15 U.S.C. §§1692e(2), (7) and (10) because the postdated check issued to secure a payday loan is not a bad check if dishonored.

(The lender knows the consumer does not have the money when it is issued.)

  17. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section ....**

  **(2)** **The false representation of –**

    **(A)** **the character, amount, or legal status of any debt...**

  **(7)** **The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer....**

  **(10)** **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

  **(11)** **The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action....**

  18. Defendant also violated 15 U.S.C. §1692g, by not providing to plaintiff within five days of the initial oral communication a notice of his right to dispute the debt and ask for its verification.

  19. 15 U.S.C. §1692g provides:

**(a)** **Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**

  **(1)** **the amount of the debt;**

  **(2)** **the name of the creditor to whom the debt is owed;**

  **(3)** **a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the**

>>           **debt collector;**
>
>   **(4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
>   **(5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b)   Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor....**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

>   (1)   Statutory and actual damages;
>
>   (2)   Attorney's fees, litigation expenses and costs of suit; and
>
>   (3)   Such other and further relief as the Court deems proper.

>           /s/ Daniel A. Edelman
>           Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
       & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)

5

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                  /s/ Daniel A. Edelman
                                                  Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25333\Pleading\Complaint_Pleading.WPD